ZARA CONTRACTING CO., INC., Respondent, v. COUNTY OF NASSAU, Appellant.— In an action by a contractor to recover $104,086, the alleged increased cost of performing a contract for a public improvement, the appeal is from a judgment entered after trial before an Official Referee, to whom the action had been referred to hear and determine, in favor of respondent for $81,662.17, exclusive of interest and costs. Judgment affirmed, with costs. No opinion. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to modify the judgment by reducing the award of damages to $45,000 and, as so modified, to affirm the judgment, with the following memorandum: On this record it is a mathematical impossibility to compute respondent's damage at $81,662.17, the amount awarded, except by concluding that the Official Referee awarded (a) $45,000 of the approximately $88,000 claimed by respondent as increased costs by reason of appellant's breach of contract, plus (b) $36,662.17, representing the difference between the unit bid price of quantities originally *estimated* (amounting to a total of $493,830) and the unit price of quantities actually performed (amounting to $457,167.83). That this is what the Official Referee intended is clear from the language of his opinion: " Taking into consideration the contract price, $493,830, and the amount paid on the contract, $457,167.83, the Court finds that the amount that should have been paid is $538,830, making a mathematical difference or damage of $81,662.17, the amount which the plaintiff is entitled to recover ". The majority has not modified these findings. Both the Official Referee and the respondent erroneously assume that there was an original " contract price " of $493,830, when in fact this was a unit price contract. It is conceded that respondent was paid in full at the unit price for the actual quantities performed according to the final estimate which it submitted. Thus, the additional $36,662.17 was awarded to respondent for work concededly *not* performed.

## (May 25, 1959)

LILA TURNER, Respondent, v. SANDERS TURNER, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Motion to extend time within which to pay the counsel fee and for other relief denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfield, JJ.

AKOFF RÉALTY CO., INC., et al., Appellants, v. EDWARD P. LARKIN et al., Constituting the Town Board of the Town of Hempstead, Respondents.— In an action for a judgment declaring that plaintiffs are entitled to unobstructed access to a public parking field, to enjoin defendants from interfering with that right, and to direct defendants to remove fences and shrubbery, plaintiffs appeal from so much of a resettled order as denied their motion for an order directing, pending trial, the removal of all fences and shrubbery on the westerly boundary of the parking field. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.